RUPERT RIBNIK, APPELLANT, v. ANDREW F. McBRIDE, COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted February 11, 1927—Decided May 16, 1927.

1. When a person is entitled to have a public officer issue a license in pursuance of a statute, his remedy to compel such issuance is by *mandamus* and not by *certiorari*.
2. This court need not pass upon questions not raised in the court below, and will not, except for special reasons, which are not present here.

On appeal from the Supreme Court, whose *per curiam* is printed in 4 *N. J. Mis. R.* 623.

For the appellant, *Lum, Tamblyn & Colyer.*

For the respondent, *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

In this cause a writ of *certiorari* was allowed requiring Andrew F. McBride, commissioner of labor, to certify to the Supreme Court the order and direction made by him denying the application theretofore made by Rupert Ribnik for a license to carry on an employment agency, pursuant to the statute. As a matter of fact no order was made; but the commissioner of labor in a letter simply admonished the applicant, Ribnik, that he was rejecting the application for a certain reason stated, although he was willing to approve certain parts of the application.

The matter was argued in the Supreme Court without objection to the form of the remedy pursued, and the cause was there decided against the appellant on the merits. He now appeals to this court, where the merits were again argued upon both sides, without any suggestion that the remedy sought was inadequate.

As was said by Mr. Justice Depue in *Watson* v. *Medical Society of New Jersey,* 38 *N. J. L.* 377 (at *p.* 382), speaking of *quo warranto, mandamus* and *certiorari,* that *certiorari* tears down and does not build up, it vacates a resolution without ousting, it does not oust or admit. See, also, *Overman* v. *Manly Drive Co.,* 77 *Id.* 290, 291.

In *Hamilton Township* v. *Mercer County Traction Co.,* 90 *N. J. L.* 531, Mr. Justice Swayze, speaking for this court, said (at *p.* 534), that *mandamus* is used to enforce a public duty, which may grow out of a statute. And that is this case.

If the plaintiff here were entitled to have issued to him a license which the commissioner denied, his remedy was by *mandamus* to compel the issuance of a license. This is a typical case in which a *mandamus* would build up, and a *certiorari* would simply destroy, that is, set aside, the decision of the commissioner.

In *Ford* v. *Gilbert,* 89 *N. J. L.* 482, the Supreme Court (at *p.* 486), held that if a city clerk fails or refuses to perform the duties required of him by statute, *mandamus* is the proper remedy to enforce obedience; and that it was clear

that full relief could not be given under the proceeding, which was by *certiorari.*

As already remarked, this cause was submitted to the court below on the merits, which were decided, without objection; and as the same case has been submitted here on appeal, without objection to the form of remedy; and as we are satisfied with the reasoning of the Supreme Court on the meritorious question, the judgment under review will be affirmed, for the reasons expressed in the opinion of the Supreme Court.

If the plaintiff were successful, *certiorari* in this case would only have the effect of setting aside the decision, as was the ordinance in *Ford* v. *Gilbert, supra;* but only *mandamus* would give full relief. There is, therefore, no conflict between the case at bar and *Allen* v. *Paterson,* 99 *N. J. L.* 489, which holds that this court need not, and ordinarily will not, consider a question not raised and argued in the court below, *unless* it goes to jurisdiction or involves public policy; because jurisdiction here is not a controlling factor; this is not a case in which neither this court nor the court below had no power to make a decision. This case is more like *Marten* v. *Brown,* 81 *Id.* 599, where the reason discussed was not raised below.

Judgment affirmed, accordingly.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, KALISCH, BLACK, LLOYD, VAN BUSKIRK, McGLENNON, HETFIELD, DEAR, JJ. 9.

*For reversal*—PARKER, CAMPBELL, KAYS, JJ. 3.